## DUKE v. ADKINS.

### No. 6142.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

John R. Hunter & Son, of Alexandria, for appellant.

R. D. Watkins, of Minden, and W. C. Roberts, of Alexandria, for appellee.

DREW, Judge.

This is a tort action, growing out of a collision between two automobiles travelling in the same direction on the Lake Charles-Alexandria Highway No. 165.

The lead car, owned and operated by plaintiff, was rammed from the rear by the car owned and operated by defendant.

Defendant filed to plaintiff's petition exceptions of no cause of action and no right of action, which exceptions were sustained by the lower court. Plaintiff perfected this appeal. The exceptions are based upon the allegations of plaintiff's petition, which defendant contends affirmatively set forth contributory negligence on the part of plaintiff. The articles relied upon are as follows:

"Your petitioner shows that immediately prior to the accident, the said defendant was traveling on the said Long Leaf-Alexandria Highway in the direction of Alexandria, Louisiana and was traveling behind your petitioner.

"Your petitioner shows that immediately prior to the accident, the said defendant was driving his automobile at an excessive and careless rate of speed, which your petitioner alleges and believes to be seventy (70) miles an hour.

"Your petitioner shows that at a point about one (1) mile North of Long Leaf, Louisiana or at a point one hundred (100)

yards North of Barber Creek, there is a graded road which leads off to the left; that your petitioner intended to turn off of the paved highway onto this graded road; that prior to the time your petitioner reached the point of intersection between this graded road and the paved road, your petitioner signaled that he was going to turn to the left; that at the time your petitioner signaled that he was going to turn to the left he was traveling at a slow rate of speed; and your petitioner gave the signal that he was going to turn to the left by holding out his left arm in ample time to warn any automobile that might be following him of petitioner's intention to turn to the left, and in ample time to prevent any collision with any automobiles following him.

"Your petitioner shows that at the time he gave the signal that he was going to turn to the left he observed the defendant approaching in the rear, but due to the fact that the defendant's car was a substantial distance away, your petitioner concluded that there was time for him to make the turn safely; and your petitioner would have had time to make the turn if defendant had not been exceeding the speed limit and driving at a dangerous and reckless rate of speed; and your petitioner would have had time to make the turn had the defendant been exercising reasonable care.

"Your petitioner shows that as he started to negotiate the turn, and after his car had driven a foot or so across the black line or over toward the left side of the road, that he again observed the defendant's car approaching and seeing that the defendant's car was coming at too rapid a rate of speed and was crowding up too close to your petitioner, your petitioner shows that he, your petitioner, cut his car back onto the right side of the highway; and that as your petitioner did so, he heard the tires of the defendant's car slide, and the said defendant's car crashed into the back end of your petitioner's car with great force and as a result of which the back end of your petitioner's car was badly damaged.

"Your petitioner shows that the said defendant skidded his automobile a distance of sixty (60) yards before he crashed into the back end of your petitioner's car."

Plaintiff alleged that defendant's car was travelling seventy (70) miles per hour. He does not allege that he had this knowledge when he began his left turn, and it was hardly possible that he could have judged the speed of defendant's car until after the accident. It was coming directly toward him and from the rear. If it had been entering from a side road, the speed could have been more easily judged. Since he could not accurately judge the speed of the oncoming car, he was justified in assuming it was not travelling at an excessive speed. Plaintiff alleged that he complied with the law by slowing down and giving a signal for the left turn at a time when defendant's car was a substantial distance to the rear. He alleged that he would have had sufficient time to make the turn in safety if defendant had been observing the law and not driving at a dangerous and reckless rate of speed. He further alleged that when he did observe the rapid rate of speed travelled by defendant's car, he cut his car back to the right side of the road and was on his right side, travelling slowly, when rammed by defendant's car. He also alleged that defendant's car skidded sixty (60) yards, or one hundred eighty (180) feet before striking his car.

We are fully aware of the strict rule regarding left turns by motorists, and have followed it many times, but the rule does not prevent a motorist from making a left turn, or provide that recovery can never be had when the complainant was in the act of turning left. The law provides what the motorist shall do before attempting a left turn, and according to the allegations of plaintiff's petition, he complied with the law.

We must accept the allegations of the petition as true for the purpose of this exception, and they are that the proximate cause of the collision was the excessive and dangerous speed of defendant's car.

We are of the opinion the petition sets forth a cause of action and a right of action, and that the judgment of the lower court is erroneous, and is now reversed. The exceptions are overruled and the case is remanded to the lower court to be tried on its merits. Costs of appeal to be paid by appellee and all other costs to abide final determination of the case.